**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

LEE MADDEN
ADC #136534                                                                                              PLAINTIFF

V.                                           2:08CV00146 BSM/JTR

GREEN, Classification Officer,
East Arkansas Regional Unit, et al.                                                        DEFENDANTS

**ORDER**

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the reasons set forth herein, the Court will give Plaintiff thirty days to file a prisoner trust fund calculation sheet.

The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has not provided the Court with a prisoner trust fund calculation sheet specifying his average monthly deposits and average monthly balances. The Court must have this information to: (1) determine whether Plaintiff is entitled to proceed *in forma pauperis;* and (2) assess an initial partial filing fee. *See* 28 U.S.C. § 1915(3)(b)(1) (providing that the initial partial filing fee shall be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account"). Accordingly, the Court will give Plaintiff thirty days to file a properly completed prisoner trust fund calculation sheet.[2]

IT IS THEREFORE ORDERED THAT:

1. The Clerk shall send Plaintiff a prisoner trust fund calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, file his properly completed prison trust fund calculation sheet.

---

[2] The prisoner trust fund calculation sheet *must* be signed by an authorized prison official.

      3.      Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 28th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE