# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

LEE MADDEN
ADC #136534                                                                  PLAINTIFF

V.                      2:08CV00146 BSM/JTR

OUTLAW, Chief of Security,
East Arkansas Regional Unit, et al.                                   DEFENDANTS

## ORDER

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint, an Amended Complaint, and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1, #2, and #15. For the reasons set forth herein, the Application to Proceed *In Forma Pauperis* will be granted and service will be ordered upon Defendants.

### I. *In Forma Pauperis* Application

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune**

**from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

EARU officials have not responded to the Court's September 17, 2008 Order (docket entry #9) or an October 27, 2008 fax (which is attached hereto as Exhibit A) asking them to complete an inmate trust fund calculation sheet on Plaintiff's behalf. Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* will be granted, and no initial filing fee will be assessed. *See* 28 U.S.C. § 1915(b). However, in the future, Plaintiff must make monthly installment payments equal to 20% of the preceding month's income credited to his institutional account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. *Id.*

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

In his Complaint and Amended Complaint, Plaintiff alleges that, during his April 17, 2008 Classification Hearing, Defendants Chief of Security Outlaw, Reverend Gaye, and Classification Officer Whiley violated his equal protection rights when they refused, based upon his race, to release him to general population and ordered him "shipped to the max."[1] *See* docket entry #1 at 4 and docket entry #15. By way of relief, Plaintiff seeks monetary damages and an injunction ordering that he be returned to general population at the Varner Unit. *Id.* Construing Plaintiff's Complaint liberally, the Court concludes, *for screening purposes only*, that Plaintiff has stated a cognizable § 1983 claim. Therefore, the Court will order service upon Defendants at this time.

### III. Conclusion

IT IS THEREFORE ORDERED THAT;

1.   Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #2) is GRANTED.

2.   Plaintiff must pay the statutory filing fee of $350.00. As Plaintiff's present custodian, the Director of the ADC, his designee, or any future custodian, is directed to collect from Plaintiff's institutional account monthly payments equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00. The Director of the ADC, his designee, or any future custodian, is further directed to forward the payments to the Clerk of the

---

[1] It is unclear whether Plaintiff is referring to the Tucker Maximum Security Unit or a maximum security/isolation area of the East Arkansas Regional Unit.

Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments must be clearly identified by the name and number assigned to this action.

3.      The Clerk is directed to send a copy of this Order to: (a) the Warden of the East Arkansas Regional Unit, P.O. Box 180, Brickeys, AR 72320-0180; (b) the ADC Trust Fund Centralization Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and (c) the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

5.      The Clerk is directed to prepare a summons for Defendants Outlaw, Gaye, and Whiley, and the United States Marshal is directed to serve the summons, the Complaint (docket entry #1), Amended Complaint (docket entry #15), and this Order upon them through the ADC Compliance Division, without prepayment of fees and costs or security therefor.[2]

Dated this 5th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If any of the Defendants are no longer ADC employees, the ADC Compliance Office shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.